**Robert Charles REULAND,**
**Plaintiff–Appellee,**

v.

**Charles J. HYNES, individually and in his capacity as District Attorney for the County of Kings, New York, and Amy Feinstein, individually and in her capacity as First Assistant District Attorney for the County of Kings, New York, Defendants–Appellants.**

**Docket No. 02–7572.**

United States Court of Appeals,
Second Circuit.

Dec. 26, 2002.

Drita Nicaj, Lovett & Gould, White Plains, NY, for Appellee.

Elizabeth I. Freedman, Assistant Corporation Counsel (Leonard Koerner and Janice Birnbaum, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellants.

Present CABRANES, POOLER and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and it hereby is **AFFIRMED.**

Robert Charles Reuland, a former assistant district attorney in the King's County District Attorney's Office, brought this action against his former employers, the District Attorney and First Assistant District Attorney of King's County, pursuant to 42 U.S.C. § 1983. Reuland claims that he was forced to resign in retaliation for (1) his having published a novel about a prosecutor in the Brooklyn District Attorney's Office, (2) comments that he made to *New York Magazine* while promoting that novel, and (3) statements he made to the District Attorney in defense of the comments he made to *New York Magazine*.

The defendants filed a motion for judgment on the pleadings on the ground that the speech at issue did not relate to a matter of public concern and that the defendants were entitled to qualified immunity. On April 12, 2002, the District Court entered a written order holding that "[t]he factual record is currently insufficient . . . to conclude as a matter of law that: (1) it was reasonable for defendants to predict that their workplace would be disrupted by Reuland's speech; (2) the potential disrup-

tiveness of Reuland's speech would have been enough to outweigh the value of Reuland's speech; or (3) defendants took action against Reuland based on this potential disruption and not in retaliation for his protected speech." The District Court's order did not address whether the speech pertained to a matter of "public concern."

On May 8, 2002, the defendants timely filed this notice of appeal. On appeal, they argue only that the speech at issue was not protected because it did not pertain to a matter of "public concern."

In order to state a § 1983 claim for retaliation based upon the First Amendment, one must demonstrate that the relevant speech pertained to a matter of "public concern." *See, e.g., Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Ezekwo v. NYC Health & Hosps. Corp.,* 940 F.2d 775, 781 (2d Cir.1991); *but see Eberhardt v. O'Malley,* 17 F.3d 1023, 1026 (7th Cir. 1994). Upon reviewing the record, we conclude that issues of fact and law remain that preclude us from resolving this question. In particular, it is perhaps arguable that the novel itself pertains to a matter of "public concern" and that it would have been objectively unreasonable for the defendants to have believed otherwise. *See, e.g., Patel v. Searles,* 305 F.3d 130, 135 (2d Cir.2002) ("[The qualified immunity] defense shields government actors from liability if they did not violate clearly established law, or if it was objectively reasonable for such actors to believe that their actions did not violate clearly established law."). Although Reuland has not pursued this particular argument—indeed, it was explicitly disavowed by Reuland's counsel at oral argument before us—we are unable to resolve the defendants' motion for judgment on the pleadings without considering it. And, because the District Court has not explicitly addressed the matter in the first in-

stance and the novel has not been made part of the record on appeal, we are presently unable to determine whether it pertained to a matter of "public concern."

For the foregoing reasons, the April 12, 2002 order of the District Court denying the defendants' motion for judgment on the pleadings is **AFFIRMED**. On remand, the District Court may wish to consider the relevance *vel non* of the record to date, including the oral argument before this Court, in further proceedings. Those proceedings may include, at the discretion of the District Court, discovery on the limited question of qualified immunity and, at the discretion of the parties, renewed dispositive motions.